IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

    Plaintiff,

vs.             Case No. 14-3210-SAC

BUTLER COUNTY DISTRICT ATTORNEY'S
OFFICE AND ASSISTANT DISTRICT
ATTORNEY JOSEPH M. PENNEY,

    Defendants.

## **O R D E R**

  This case was removed to this court from the state district court of Butler County, Kansas. Doc. No. 1. Plaintiff has raised claims under 42 U.S.C. § 1983 and the Kansas Tort Claims Act. See Doc. No. 1-2. Plaintiff alleges that he has been prosecuted in state court in retaliation for plaintiff's constitutionally protected conduct and that plaintiff was not given proper notice of the charges against him. Previously, the court stayed proceedings as to plaintiff's claims for damages pursuant to the Younger doctrine while the state prosecution went forward. The court dismissed plaintiff's claims for injunctive relief. After learning that the state appellate proceedings related to the prosecution had concluded, the court lifted the stay recently and asked plaintiff to address prosecutorial immunity and suable entity issues by August 16, 2019. Doc. No. 49.

1

Plaintiff has failed to bring an argument as to why defendant Penney is not immune from a § 1983 damages claim under the doctrine of prosecutorial immunity. Nor has plaintiff shown that the Butler County District Attorney's Office is a suable entity.

"[P]rosecutors are absolutely immune from liability under [42 U.S.C. § 1983] for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991)(quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This immunity has been applied in cases alleging the initiation of judicial action in retaliation for activity protected by the First Amendment. See Benavidez v. Howard, 2019 WL 3519156 *4 (10th Cir. 8/2/2019)(dismissing claim that motion for protective order was filed to chill First Amendment rights); Nielander v. Board of County Com'rs, 582 F.3d 1155, 1164 (10th Cir. 2009)(dismissing § 1983 claim alleging First Amendment retaliation against prosecutor who brought criminal threat charge). Defendant Penney is also entitled to dismissal of any claim under the Kansas Tort Claims Act because of the discretionary immunity provisions of K.S.A. 75-6104(e).[1] See Moral v. Telegram Pub. Co., Inc., 2013 WL 3970173

---

[1] Under K.S.A. 75-6104(e), a state governmental employee is not liable for damages resulting from "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion is abused and regardless of the level of discretion involved."

2

*5-6 (Kan.App. 8/2/2013); Schmeidler v. Drees, 2003 WL 21948155 *8 (Kan.App. 8/8/2003). The court determines that plaintiff has not alleged a plausible claim against defendant Penney because he is entitled to immunity under the facts plaintiff asserts.

The court further determines that plaintiff may not bring an action against the "Butler County District Attorney's Office" because it is a governmental sub-unit and not a separate suable entity. See Goings v. Sumner County District Attorney's Office, 2013 WL 6440267 *2 (D.Kan. 12/9/2013)(dismissing claim against Sumner County District Attorney's Office). As explained in Goings, supra:

> Under Kansas law, absent a specific statute, subordinate governmental agencies do not have the capacity to sue or be sued. Mason v. Twenty-Sixth Judicial District, 670 F.Supp. 1528, 1555 (D.Kan. 1987); Hopkins v. State, 237 Kan. 601, 702 P.2d 311, 316 (1985). Actions against Kansas district attorney's offices and county attorney's offices have routinely been dismissed because they are not entities capable of being sued.

For the above-stated reasons, the court directs that plaintiff's remaining claims for damages be dismissed and that this case be closed.

**IT IS SO ORDERED.**

Dated this 23rd day of August, 2019, at Topeka, Kansas.


s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge